UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                  Case No. 8:18-mc-83-T-36CPT

KEVIN HINES, d/b/a ULTIMATE
ULTRASOUNDS OF FLORIDA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION
AND CERTIFICATION OF FACTS**

Before me on referral is the *United States' Renewed Motion to Hold Respondent Kevin Hines in Contempt*. (Doc. 37). For the reasons discussed below, I respectfully recommend that the government's renewed motion be granted in part, and that the Court schedule contempt proceedings. In connection with this recommendation, I certify the below facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) based upon my review of the record and the representations of counsel.[1]

---

[1] *See Poser Invs., Inc. v. Ravin Hotels & Invs., LLC*, 2018 WL 6620598, at *1 (M.D. Fla. Oct. 25, 2018) (certifying facts to district judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) based upon magistrate judge's review of the record and representations of counsel), *report and recommendation adopted*, 2018 WL 6620311 (M.D. Fla. Oct. 13, 2018).

I.

This action arises from the Department of Justice's investigation into whether Dr. Ashish Pal and his medical practice, Interventional Cardiology & Vascular Consultants, violated the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, by knowingly submitting false or fraudulent claims for cardiological and vascular procedures to two federal healthcare programs, Medicare and TRICARE.[2] (Doc. 1 at 1, 3). These programs are administered by the Department of Health and Human Services and the Department of Defense (DOD), respectively. *Id.* at 3. The government asserts that Respondent Kevin Hines, who worked for Dr. Pal as an ultrasound technician, likely has in his possession, custody, or control documents and information relevant to the government's investigation. *Id.* at 1-5.

To obtain this information, a Deputy Inspector General for Policy and Oversight, acting on behalf of the DOD's Inspector General, served Hines with a subpoena duces tecum in July 2017. *Id.* at 1-3. That subpoena sought, *inter alia*, information regarding Hines's work for Dr. Pal as well as Hines's communications with federal healthcare programs. *Id.* at 3-4. In March 2018, the government also served Hines with a civil investigative demand (CID), seeking his testimony on topics related to those set forth in the subpoena. *Id.* at 4.

---

[2] TRICARE is a federal healthcare program that provides coverage to military personnel and their families. *United States ex rel. Stepe v. RS Compounding LLC*, 325 F.R.D. 699, 702 (M.D. Fla. 2017).

Following a number of unsuccessful efforts to procure Hines's testimony and the requested materials, the government filed a Petition to enforce its subpoena and CID. (Doc. 1). In response to that Petition, the Court issued an Order directing that Hines appear at a hearing and show cause why he should not be compelled to comply with these demands. (Docs. 3, 7).[3] Immediately prior to the hearing, the parties filed a joint notice stating that Hines had agreed to provide the government with the subpoenaed items by February 1, 2019, and to testify pursuant to the CID on February 11, 2019. (Doc. 12). The Court entered an Order that same day continuing the hearing and directing Hines to honor these commitments. (Doc. 13).

Despite that Order, Hines failed to tender any responsive documents or provide testimony as he said he would. (Docs. 14, 15). At the government's request, the Court accordingly set another show cause hearing in early March 2019. (Docs. 14-17). That hearing resulted in Hines agreeing to produce the subpoenaed materials by March 19, 2019, and to testify on April 11, 2019. (Docs. 19, 20).

Hines, however, did not turn over the sought-after items as he promised he would do; although he did testify pursuant to the CID as scheduled. (Docs. 21, 23). To address the matter of the outstanding subpoena, the parties stipulated that Hines would disclose the required documents by May 13, 2019, and that the government would have the right to resume Hines's CID testimony once it reviewed those materials. (Doc. 23 at 2).

---

[3] The Court issued two such show cause orders due to issues that arose with the government's service of the first order.

Hines again failed to honor his agreement, leading the government to request yet another show cause hearing. *Id*. The Court set that hearing for June 4, 2019, and instructed Hines to personally appear. (Doc. 24). While Hines's attorney attended the hearing, Hines did not. To explain Hines's absence, counsel asserted that Hines had been experiencing significant health and financial problems,[4] had conveyed his intent to move out of state, and had not been in contact with counsel for some time. The government responded to counsel's representations by highlighting Hines's failure to lodge any challenge to the government's Petition and his consistent failures to honor his commitments (as outlined above) since the Petition was filed.

Two weeks later, the government filed a motion to hold Hines in contempt. (Doc. 31). On my recommendation (Doc. 32), the Court issued an Order in September 2019 (September 2019 Order), in which it, among other things: (1) directed Hines to comply with the government's subpoena by October 18, 2019; (2) instructed him to provide additional CID testimony in the event the government sought such testimony after receiving and reviewing information responsive to the subpoena; and (3) denied the government's contempt motion without prejudice. (Doc. 33). The Court closed the case three months later, finding that the matter had concluded. (Doc. 34).

---

[4] Hines's counsel claimed, for example, that Hines had suffered a heart attack, and had lost both his job and his house.

In January 2020, however, the government moved for, and was granted, leave to re-open the case because Hines had failed to abide by the Court's September 2019 Order. (Docs. 35, 36). The government thereafter filed the instant renewed motion seeking to hold Hines in contempt for not complying with its subpoena and for not appearing at the June 2019 show cause hearing. (Doc. 37). When Hines failed to respond to that motion, the Court issued a Show Cause Order in late March 2020, instructing that he file a response and memorandum of law within ten days setting forth why the government's motion should not be granted. (Doc. 38). The Court also cautioned Hines that a failure to follow the Court's Order might result in the imposition of sanctions and/or a finding of contempt. *Id*.

Hines did not obey the Court's directive, and the time for doing so has expired.[5] The matter is therefore ripe for the Court's consideration.

II.

"District courts have [the] inherent power to enforce compliance with their orders through civil contempt." *United States v. Marc*, 2019 WL 7461689, at *4 (M.D. Fla. Dec. 16, 2019) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)), *report and recommendation adopted*, 2020 WL 42866 (M.D. Fla. Jan. 3, 2020). The purpose of civil contempt sanctions is to compel adherence to judicial decrees or "to compensate for losses or damages sustained by reason of noncompliance." *McComb*

---

[5] Because Hines failed to respond to the government's renewed motion for contempt (not to mention the Court's subsequent Show Cause Order), the government's renewed motion is deemed unopposed. *See* M.D. Fla. R. 3.01(b).

5

*v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (citations omitted). Civil contempt sanctions are "avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "The underlying concern giving rise to [the court's] contempt power is not merely the disruption of [judicial] proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process." *Melikhov v. Drab*, 2019 WL 5176911, at *5 (M.D. Fla. July 1, 2019) (quotation and citation omitted), *report and recommendation adopted*, 2019 WL 4635548 (M.D. Fla. Sept. 24, 2019).

Because "civil contempt is a severe remedy," the burden on the moving party is "a high one." *In re Roth*, 935 F.3d 1270, 1277 (11th Cir. 2019) (quoting *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019)). A party seeking civil contempt for non-compliance with a court order must therefore demonstrate by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation and emphasis omitted); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted).

If the moving party makes a prima facie showing of civil contempt, "the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance. . . ." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (internal quotation marks and citations omitted). To satisfy this burden, the alleged contemnor

6

must do more than merely assert that he was unable to abide by the court's directive. *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988) (per curiam); *F.T.C. v. RCA Credit Servs., LLC*, 2012 WL 11406549, at *1 (M.D. Fla. Mar. 20, 2012). Instead, he must demonstrate that he made, "'in good faith[,] all reasonable efforts to comply'" but could not do so. *Roberts*, 858 F.2d at 701. This "all reasonable efforts" requirement is strictly construed and is not met where the alleged contemnor's efforts were merely "substantial." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam). If the alleged contemnor meets his burden, "the burden then shifts back to the moving party, who retains the ultimate burden of proof." *Wyndham Vacation Ownership, Inc., v. Clapp Bus. Law, LLC*, 2020 WL 3266059, at *3 (M.D. Fla. Apr. 2, 2020) (internal quotation marks and citations omitted).

In the end, "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (citation omitted). Accordingly, "the absence of willfulness is not a defense to a charge of civil contempt." *Leshin*, 618 F.3d at 1232 (citation omitted).

Magistrate judges have limited authority in addressing motions for contempt. 28 U.S.C. § 636(e). Where, as here, a civil litigant commits an act that constitutes contempt in case over which a district judge presides:

7

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

"The duty of the magistrate [judge] under this subsection is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order." *Lapinski v. St. Croix Condo Ass'n, Inc.*, 2018 WL 4381168, at *2 (M.D. Fla. Aug. 1, 2018) (citation omitted). Rather, whether a party's actions justify "the issuance of contempt sanctions is ultimately left to the discretion of the district [judge]." *Id.*; *see also Poser Invs.*, 2018 WL 6620598, at *2 ("[A] de novo hearing [pursuant to 28 U.S.C. § 636(e)(6)] entails a new proceeding at which the [contempt] decision is based solely on the evidence freshly presented at the new proceeding.") (citations omitted).

In this case, there is an ample basis to believe that further contempt proceedings are warranted. Despite the clear and unambiguous language in the Court's orders (Docs. 13, 33), Hines has yet to produce any materials in response to the government's subpoena. Nor has he offered a sufficient justification as to why he is unable to provide those documents. While his attorney mentioned at the June 4, 2019, hearing that Hines may suffer from various medical issues, Hines has not adequately shown that

8

any such health concerns have precluded him from abiding by the Court's instructions. *Wyndham*, 2020 WL 3266059, at *3 ("Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions.") (quotation and citations omitted). Indeed, Hines represented on a number of occasions that he could and would turn over the subpoenaed documents as required. Hines's noncompliance with the Court's September 2019 Order is particularly notable given the extended period of time he has been afforded to satisfy his obligations under the subpoena, and the Court's specific admonition in its most recent Show Cause Order that his failure to abide by the Court's directive might lead to sanctions and/or a finding of contempt. (Doc. 38 at 2); *see also United States v. Boatwright*, 2008 WL 11470844, at *2-3 (M.D. Fla. Oct. 6, 2008) (civil contempt warranted where defendant was in violation of an unambiguous, lawful order compelling discovery, failed to respond to discovery despite an ability to do so, disregarded an order to show cause regarding a motion for contempt, did not appear for hearing on that motion, and never explained non-compliance), *report and recommendation adopted*, 2009 WL 10712780 (M.D. Fla. Mar. 27, 2009).

Because there are sufficient grounds to believe that Hines has committed one or more acts of civil contempt, I recommend that the Court order Hines to appear at a hearing pursuant to 28 U.S.C. § 636(e) and show cause why he should not be adjudged in contempt by reason of his failure to follow the Court's Orders directing him to comply with the government's subpoena and to appear at the June 4, 2019, hearing.

Turning to the appropriate remedy or sanction for Hines's civil contempt, a court's discretion over such matters is broad and is "'measured solely by the requirements of full remedial relief.'" *RCA Credit*, 2012 WL 11406549, at *1 (quoting *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999)). A court, for example, "may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration." *Id.* (citations omitted); *see also Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). "In establishing the amount to impose, the court must consider several factors, including the character and magnitude of the harm threatened by [the contemnor's] continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance, and the amount of the contemnor's financial resources and [the] consequent seriousness of the burden to him." *RCA Credit*, 2012 WL 11406549, at *1 (quotation and citation omitted). The party seeking contempt bears "the burden of proof to provide the court with the basic evidentiary facts to formulate a realistic sanction to which [the contemnor] could respond." *In re Chase & Sanborn Corp.*, 872 F.2d 397, 401 (11th Cir. 1989).

Here, the government does not request that the Court impose any particular sanction or remedy. Nor does it tender evidence addressing the above factors. Instead, it asks only that the Court "take such action as it deems necessary to compel compliance with [the government's s]ubpoena." (Doc. 37 at 5).

In light of the government's silence on the issue, I am not in position to make an informed recommendation as to an effective sanction or remedy that would prompt

10

Hines to act and would account for his financial circumstances. *In re Chase*, 872 F.2d at 401; *RCA Credit*, 2012 WL 11406549, at *1; *see also Matter of Trinity Indus., Inc.*, 876 F.2d 1485, 1493-94 (11th Cir. 1989) (taking into account company's "financial resources" in assessing the propriety of a per diem fine imposed by the district court); *City of New York v. Golden Feather Smoke Shop, Inc.*, 2010 WL 2653369, at *21 (E.D.N.Y. June 25, 2010) (granting motion for contempt but deferring on sanctions because the "appropriate level of sanctions" had not been adequately addressed). I do, however, recommend that the Court instruct the government to identify an appropriate sanction and to tender evidence in support of that sanction.

III.

For the reasons set forth above, I recommend that the Court:

1. Grant in part the *United States' Renewed Motion to Hold Respondent Kevin Hines in Contempt* (Doc. 37) to the extent the Court enter an order setting a hearing pursuant to 28 U.S.C. § 636(e), at which Hines must show cause why he should not be adjudged in contempt by reason of the facts certified herein.

2. Direct the government to identify in advance of said hearing the sanction or remedy it seeks, and to provide the Court with evidence supporting such a sanction or remedy, including testimony or documents addressing the character and magnitude of the harm threatened by Hines's continued contumacy, the probable effectiveness of any suggested sanction in bringing about Hines's compliance, and Hines's financial resources and the consequent seriousness of the burden to him.

3. Order Hines to produce the subpoenaed documents within fourteen days of the date of the Court's Order, and instruct the government to promptly file a notice of compliance if he does so.

Respectfully submitted this 29th day of June 2020.

*[signature: Christopher P. Tuite]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Charlene E. Honeywell, United States District Judge
Counsel of record